370 So.2d 447 (1979)
SOUTH FLORIDA REGIONAL PLANNING COUNCIL, Appellant,
v.
FLORIDA DIVISION OF STATE PLANNING and the City of Miami, Appellees.
No. LL-327.
District Court of Appeal of Florida, First District.
May 9, 1979.
*448 Earl G. Gallop, of Milledge & Hermelee, Miami, for appellant.
David V. Kerns, C. Lawrence Keesey, Tallahassee, George F. Knox, Jr., and G. Miriam Maer, Miami, for appellees.
John G. Fletcher, Coral Gables, for amici curiae, Marina Biscayne, Inc. and Martin Rabin.
LARRY SMITH, Judge.
Appellant, South Florida Regional Planning Council, appeals from orders entered by the Division of State Planning in connection with the discharge of its duties under Section 380.06, Florida Statutes. The primary issue for our consideration is whether the Division should have permitted the Council to intervene as a party to the agency proceeding wherein the Division issued a "binding letter" under Section 380.06(4)(a) finding that a marina development proposed by the City of Miami would not be a development of regional impact. The Council contends that the Division should have granted its motion to intervene in the proceeding or should have granted its petition for a formal proceeding under Section 120.57(1), Florida Statutes (1977). We hold that the Division properly denied the Council's motion to intervene and petition for formal proceeding, and we further find that the Division properly carried out its statutory responsibilities in issuing the binding letter determination in this case.
The City of Miami is the owner of the 20 acre bay bottom and upland development site. The City of Miami is the applicant of record, although through a lease arrangement the development and operation of the marina improvements were turned over to Marina Biscayne, Inc., and Mr. Blitstein, consultant to the corporation, acted as the City's agent for making the application. As permitted under subparagraph (4)(a) of Section 380.06, Florida Statutes, Blitstein filed an application with the Division seeking a binding letter of interpretation with respect to the proposed development. The Division commenced its review of the application, received information from various sources, including the Council, and in due course issued its binding letter of determination (BLID) finding that the proposed Marina Biscayne development was not a development of regional impact (DRI).
Under Section 380.06(1), "development of regional impact" means "any development which, because of its character, magnitude, or location, would have a substantial effect upon the health, safety, or welfare of citizens of more than one county".
The legislature has provided two methods by which a project may be determined to be a DRI, and therefore subject to Section 380.06. First, the developer may file an application under Section 380.06(4)(a), which states, in pertinent part:
"If any developer is in doubt whether his proposed development would be a development of regional impact... he may request a determination from the *449 state land planning agency. Within 60 days of the receipt of such request, the state land planning agency shall issue a binding letter of interpretation with respect to the proposed development. Binding letters of interpretation . . shall bind all state, regional, and local agencies, as well as the developer."
The second method whereby DRI status may be determined is pursuant to Section 380.06(6). That section provides for the filing of an application with the local government concerned which application shall contain, if such be the case, a statement that the developer "proposes to undertake a development of regional impact" as defined under the statute. The statute further provides (Section 380.06(7)) that the appropriate local government shall give notice and hold a hearing on the application and comply with certain other additional requirements including the receipt of a report and recommendations on the regional impact of the proposed development by the regional planning agency (in this instance, South Florida Regional Planning Council). Under subparagraph (11) the local government in considering whether the development shall be approved or denied shall consider whether, and the extent to which the development is "consistent with the report and recommendations of the regional planning agency ...". (Section 380.06(11)(c))
Under the statutory scheme as briefly outlined above, the legislature has assigned to the regional planning agency powers and functions which are advisory only, in instances where the development is determined to be a development of regional impact. However, under those provisions of the statute providing for a binding letter of interpretation by the land planning agency, the regional planning council was given no responsibilities (Section 380.06(4)(a)). This particular portion of the statute is complete in itself; it in no way provides for the involvement of the regional planning council in the binding letter process; and there is no other provision of the statute that in any way provides a basis for the Council's contention that it is entitled to participate in binding letter determinations. Thus the South Florida Regional Planning Council, a governmental entity created pursuant to Section 163.01, consisting of thirteen elected city and county officials in Broward, Dade and Monroe Counties, has been given no role under Chapter 380 other than in a purely advisory capacity. We find nothing in the enactment of Chapter 380 indicating any intent to create "regional governments" in the form of regional planning councils, and we are convinced of the limited capacity of the regional council by the specific language of Section 380.11, delegating to the Division of State Planning, State Attorneys, counties and municipalities authority for enforcement of the act, and any rules, regulations or orders issued thereunder. In order to expand the role of the Council beyond that conferred by the statute we would be required to read into it language which simply is not there.
Finally, it is our conclusion that our decision finding a lack of standing on the part of the Council in this agency proceeding effectively disposes of this appeal. We have noted, however, the Council's contention that the Division's action should be invalidated, apparently because of its failure to adopt standards and guidelines under the directive from this court in General Development Corporation v. Division of State Planning, 353 So.2d 1199 (Fla. 1st DCA 1977). While we adhere to the pronouncements in that case we do not feel called upon to disapprove of the agency's actions in this case. The binding letter itself in this instance contains findings of fact, conclusions of law and an order, from which it appears that the Division made a careful and detailed examination of the development, after gathering information from state, regional and local agencies, and concluded under the authority granted to it pursuant to Chapter 380 that the development was not of regional impact.
The orders appealed from are therefore affirmed.
McCORD, C.J., and BOOTH, J., concur.